NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : : : : **OPINION** : : Civ. No. 04-2315 (WHW) |
| Plaintiff, | |
| v. | |
| LUCENT TECHNOLOGIES INC., NINA AVERSANO, JAY CARTER, ALICE LESLIE DORN, WILLIAM PLUNKETT, JOHN BRATTEN, DEBORAH HARRIS, CHARLES ELLIOT, VANESSA PETRINI, MICHELLE HAYES-BULLOCK, and DAVID ACKERMAN, | |
| Defendants. | |

**Walls, District Judge**

Defendant Alice Leslie Dorn moves to dismiss the Fifth Count of the Complaint. The motion is decided without oral argument pursuant to Fed. R. Civ. P. 78.

## FACTS AND PROCEDURAL BACKGROUND

This is the second motion to dismiss filed by defendant Dorn. Earlier Dorn moved to dismiss the First, Third and Fourth Counts of the Complaint. On May 20, 2005, the Court granted Dorn's motion and dismissed those counts against her without prejudice. The facts relevant to this matter are extensively recounted in the Court's May 20, 2005 Opinion and need not be repeated. Briefly stated, plaintiff Securities and Exchange Commission alleges that Dorn made extra-contractual commitments to Lucent's product distributors that made it improper under generally accepted accounting principles ("GAAP") for Lucent to recognize revenue from

**NOT FOR PUBLICATION**

sales to these distributors at the time of the sale.  Plaintiff also alleges that when Dorn was questioned by Lucent's chief accountant sometime in June or July of 2000, Dorn falsely told him that there were no verbal agreements or side deals that would indicate there were any rights of return beyond the provisions noted in the distributor agreements.  Based on these allegations, plaintiff alleges that Dorn violated Section 13(b)(5) of the Exchange Act and Rule 13b2-1 by knowingly circumventing Lucent's system of internal accounting controls and knowingly falsifying, or causing to be falsified, Lucent's books and records.

### STANDARD FOR A RULE 12(b)(6) MOTION TO DISMISS

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party.  Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).  The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegation.  Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n. 2 (1977).  Moreover, the claimant must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist.  Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The Court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public

NOT FOR PUBLICATION

record.  Sentinel Trust Co. v. Universal Bonding Ins. Co., 316 F.3d 213, 216 (3d Cir. 2003); see also 5A WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1357 at 299 (2d ed. 1990).

"A 'document integral to or explicitly relied on in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" Mele v. Federal Reserve Bank of N.Y., 359 F.3d 251, 255 n.5 (3d Cir. 2004) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)).  "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them."  Id.

### DISCUSSION

Count Five alleges that Dorn violated Section 13(b)(5) of the Exchange Act and Rule 13b2-1 by knowingly circumventing Lucent's system of internal accounting controls and knowingly falsifying, or causing to be falsified, Lucent's books and records.  Section 13(b)(5) provides that "[n]o person shall knowingly circumvent or knowingly fail to implement a system of internal accounting controls or knowingly falsify any book, record, or account described in paragraph (2)."  15 U.S.C. § 78m(5).  Rule 13b2-1 provides that "[n]o person shall directly or indirectly, falsify or cause to be falsified, any book, record or account subject to Section 13(b)(2)(A) of the Securities Exchange Act."  17 C.F.R. § 240.13b2-1.

In another earlier opinion in this case addressing motions to dismiss brought by other individual defendants, the Court dismissed this count against defendant Michelle Hayes-Bullock because plaintiff failed to allege when Hayes-Bullock learned of an oral side agreement that affected when Lucent recognized revenues in connection with the transaction.  The Court said

NOT FOR PUBLICATION

"[b]ecause the SEC has failed to plead with particularity the facts that may give rise to a strong inference that Hayes-Bullock knowingly falsified or knowingly caused such books and records to be falsified, this claim is dismissed without prejudice with leave to plaintiff to amend the Complaint." S.E.C. v. Lucent Technologies, Inc., 363 F. Supp. 2d 708, 728 (D.N.J. 2005).

Dorn argues that like Hayes-Bullock, Count Five should be dismissed against her because plaintiff has failed to plead scienter with particularity. Dorn relies on this Court's earlier finding that plaintiff failed to adequately plead scienter to support plaintiff's claim for a primary violation of Section 10(b) and Rule 10b-5. Dorn also argues that plaintiff's failure to allege facts with particularity regarding the "who, what, when, where and how" of Dorn's alleged falsification of Lucent's books and records. Plaintiff counters that knowledge of accounting is not required to violate Section 13(b)(5) and that Dorn did not have to know what the accounting effect of the side agreements would be to knowingly circumvent Lucent's internal accounting system. Plaintiff also maintains that it has adequately pled scienter regarding the falsification of books and records by virtue of its allegation that Dorn lied to the chief accountant about the side agreements.

The Court finds that plaintiff has adequately pled a claim against Dorn for a violation of Section 13(b)(5) and Rule 13b2-1. The allegation that Dorn lied to the chief accountant about the existence of the side agreements sufficiently supports the claim that Dorn knowingly circumvented Lucent's system of internal accounting controls and that she knowingly caused Lucent's books and records to be falsified.

NOT FOR PUBLICATION

## CONCLUSION

For the foregoing reasons, defendant Dorn's Motion to Dismiss the Fifth Count of the Complaint is DENIED.

**s/William H. Walls**
United States District Judge

**NOT FOR PUBLICATION**

**Appearances**

Mark A. Adler
Larry Ellsworth
Charles E. Cain
Securities and Exchange Commission
450 Fifth Street, N.W.
Washington, D.C. 20549

Barry H. Evenchick
Walder, Hayden & Brogan, P.A.
5 Becker Farm Road
Roseland, NJ 07068

Carmen J. Lawrence
David B. Hennes
Teresa M. Venezia
Ginny Edwards
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004